IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

KATRINA B.,

        Plaintiff,

vs.

ANDREW M. SAUL,
Commissioner of Social Security
Administration,

        Defendant.

Case No. 19-CV-174-JED-FHM

## REPORT AND RECOMMENDATION

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's December 29, 2015, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Dierdre O. Dexter was held March 13, 2018. By decision dated April 12, 2018, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on January 30, 2019. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 32 years old on the alleged date of onset of disability and 36 on the date last insured, December 31, 2016. She has a high school education and formerly worked as a personal care aide and waitress. She claims to have been unable to work since January 1, 2013 as a result of bi-polar disorder, panic disorder, depression, anxiety, lupus with Sjorgren's and Reynaud's symptomology, obesity, and asthma.

## The ALJ's Decision

The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to perform a reduced range of sedentary work to include lifting and carrying, pushing or pulling up to 5 pounds frequently and 10 pounds occasionally, able to sit for up to 6 hours in an 8-hour workday, able to stand and/or walk for up to 2 hours in an 8-hour workday, occasionally climb ramps or stairs, stoop, kneel, crouch, or crawl, should not climb ladders, ropes, or scaffolds, the job should not involve exposure to extreme cold or tasks performed in direct sunlight. She can perform simple and routine tasks and is able to interact with supervisors on a superficial work-related basis, the job should not involve over-the-shoulder

type supervision.  She is able to work in proximity to co-workers, but the job should not require close cooperation and communication with co-workers in order to complete work tasks and should not involve interaction with the general public.  She is able to perform only a low stress job and is able to work at a consistent pace throughout the workday but not at a production rate pace where each task must be completed within a strict time deadline. [R. 22].

Although Plaintiff is unable to perform her past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations.  The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### Plaintiff's Allegations

Plaintiff asserts that the ALJ's finding that Plaintiff could perform work activities on a regular and continuing basis is based on legal error and is not supported by substantial evidence.  In particular, Plaintiff argues that the ALJ erred in failing to adopt the opinion of the consultative examiner, Peter Ciali, Ph.D, that Plaintiff was markedly impaired in her ability to socially interact and adapt, the ALJ erroneously rejected Plaintiff's statements about the intensity, persistence, and limiting effects of her impairments, the ALJ failed to comment about and discuss obesity, and the ALJ's conclusion that Plaintiff improved with treatment is not supported by substantial evidence.

## Analysis

### RFC Finding

The ALJ thoroughly explained the basis for her RFC conclusions, as follows:

> Based upon the records up until her date last insured, the undersigned determined her lupus and asthma limited her to sedentary work due to pain, fatigue, and shortness of breath. In addition, these impairments limited her to only occasional climbing ramps/stairs, stooping, kneeling, crouching or crawling and no climbing of ladders, ropes or scaffolds. Finally, per her physicians' recommendation, the claimant's lupus requires her to avoid exposure to extreme cold or tasks performed in direct sunlight. Greater or additional limitations are not supported by the records because the claimant's diagnosed lupus was first treated in November 2016 with medication that was to take effect in six months (9F/29-30). Therefore, the above limitations are supported by the treatment up until the date last insured. In addition, physical examination of her lungs was normal and her asthma symptoms were controlled by medication. (3F; 8F; 9F; 11F).
>
> In regards to her mental conditions, the claimant was assessed with bipolar disorder, panic disorder and depression in June 2016, but thereafter, she mostly denied symptoms of depression or anxiety until she received her diagnosis of lupus. The claimant underwent therapy treatment and self-reported symptoms associated with depression and anxiety (14F). Therefore the undersigned determined the claimant was capable of performing simple, routine tasks only, interacting with supervisors on a superficial work basis with no over-the-shoulder type supervision, and work in proximity to co-workers, but not require close cooperation or communication to complete work tasks. In addition, the claimant was limited to no interaction with the general public, performing a low stress job only, and working a job where no strict deadlines for production or pace were required. Again, greater mental limitations were not supported by the records noting good eye contact and cooperation by the claimant. (4F/2; 14F/3); 6/6 on testing (4F/4); and fair to appropriate grooming and good insight and judgment (4F/4; 14F/3).

[R. 26-27].

The undersigned finds that the ALJ accurately and thoroughly summarized the medical record which the undersigned finds provides substantial evidence in support of the ALJ's findings and conclusions. Plaintiff argues for a different conclusion by pointing out information within the medical record which might arguably support a conclusion different from the one reached by the ALJ. However, to establish error, the Plaintiff must show that the evidence is so overwhelming that no reasonable ALJ would fail to make the finding Plaintiff asserts is proper. Absent such a showing, the court is bound by the determination made by the ALJ as the finder of fact. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive [.]" 42 U.S.C. § 405(g).[2]

## Opinion of Dr. Peter Ciali

A mental consultative examination was performed by Peter Ciali, Ph.D., on June 29, 2016. [R. 304]. The ALJ accurately summarized Dr. Ciali's report, including his observations that she was minimally groomed, had sad and tearful affect, slight difficulty

---

[2] *See also Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007)(on appeal court reviews only sufficiency of evidence, not its weight); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (court may not reweigh evidence and displace agency choice between two fairly conflicting views, discussing meaning of substantial evidence); *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994) (evidence is insubstantial if it is overwhelmingly contradicted by other evidence).
  Recently in *Biestek v. Berryhill*, —U.S. —, 139 S.Ct. 1148 (2019), the United States Supreme Court restated the limits of the court's authority to review the Commissioner's decisions under 42 U.S.C. § 406(g):
> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations.

*Biestek*, 139 S.Ct. at 1154 (further citation omitted). The Court further stated, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Id*. According to the Supreme Court, substantial evidence "means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (further citation and quotation omitted).

sustaining her attention, and her scores on the Montreal Cognitive Assessment where she scored 1/5 on delayed recall, but 6/6 on attention. [R. 24-25]. The ALJ noted that Dr. Ciali opined that Plaintiff's ability to perform work related mental activities, including remembering and understanding information, and maintaining sustained concentration is mildly impaired, while her ability to socially interact and adapt is markedly impaired. [R. 27]. The ALJ explained the weight she gave to Dr. Ciali's opinion:

> The undersigned gives some weight to Dr. Ciali's opinion because he interviewed and tested the claimant; however, he did not have a treatment relationship with the claimant and much of his opinion was based on her self-reported history and symptoms. However, the other medical evidence in the file supports moderate limitations in each area of mental functioning and therefore his mild and marked limitations have been considered although not consistent with the above discussed evidence. (14F/3)

[R. 27]. On July 28, 2016, a reviewing agency psychologist, Stephen Drake, Ph.D., considered Plaintiff's medical history, including lack of mental health treatment since 2012 and no medication for mental health together with reports in the medical record of appropriate mood and affect and lack of any referral for mental health treatment as recently as May 2016. Dr. Drake also reviewed the report by Dr. Ciali and his conclusions about Plaintiff's marked impairment in the ability to socially interact and adapt. Dr. Drake found that Dr. Ciali's opinion was not consistent with the evidence of record [R. 80]. Dr. Drake opined "Clmt is capable of performing some simple tasks with limited interaction with the general public." [R. 83]. On November 3, 2016 a second agency psychologist, Caroline Goodrich, Ph.D., also reviewed Plaintiff's medical record and found that Plaintiff retains the ability, on a sustained basis, to understand and remember simple and some complex instructions, make simple and some complex decisions, and maintain concentration and

attention for extended periods. [R. 95]. She also opined that Plaintiff could respond appropriately to supervisors, co-workers, and work situations with limited public contact. [R. 95-96]. Dr. Ciali's opinion was not uncontradicted. The undersigned finds no error in the ALJ's treatment of Dr. Ciali's opinion.

### Obesity

Plaintiff argues that the ALJ's decision should be reversed because the ALJ failed to explain how obesity was considered in combination with Plaintiff's respiratory ailments. The ALJ limited Plaintiff to a reduced range of sedentary work, including postural limitations and no exposure to temperature extremes. Plaintiff has not supported her argument for reversal by pointing the court to any additional limitations attributable to obesity or respiratory ailments that are supported by the record and not accounted for in the RFC. The undersigned finds that the ALJ's treatment of Plaintiff's obesity does not present a basis for reversal.

### Improvement with Treatment

Plaintiff argues that the ALJ's conclusion that she improved with treatment is not supported by substantial evidence. To support the statement that the ALJ found that she improved with treatment, Plaintiff cites to page 24 of the record. [Dkt. 14, p. 5]. The only reference on that page to improvement is found in this paragraph:

> As for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they are inconsistent because the claimant did not seek treatment and even denied symptoms of pain and lack of concentration or anxiety and depression until mid-2016. Thereafter, she began receiving treatment and the records indicate normal physical examinations and improvement in her mental functioning through her date last insured.

[R. 24]. Plaintiff's arguments do not relate to the ALJ's statement and do not demonstrate that the ALJ's decision lacks support by substantial evidence. It is Plaintiff's duty on appeal to support her arguments with references to the record and to tie relevant facts to her legal contentions. The court will not "sift through" the record to find support for the claimant's arguments. *SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir.1992), *United States v. Rodriguiez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997)(appellants have the burden of tying the relevant facts to their legal contentions and must provide specific reference to the record to carry the burden of proving error). This means that the factual support for Plaintiff's allegations of error should be contained within Plaintiff's argument. The undersigned declines to address Plaintiff's undeveloped argument.

Evaluation of Plaintiff's Statements About Symptoms

An ALJ is required to evaluate the claimant's statements about the intensity, persistence, and limiting effects of alleged symptoms. Social Security Ruling (SSR) 16-3 (2017), 2017 WL 5180304, outlines the process ALJs are required to employ in evaluating such statements to fulfil the ALJ's obligations set out in the Commissioner's applicable regulations, 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3). SSR 16-3p states that in evaluating a claimant's symptoms:

> it is not sufficient for our adjudicators to make a single, conclusory statement that "the individual's statements about his or her symptoms have been considered" or that "the statements about the individual's symptoms are (or are not) supported or consistent."

2017 WL 5180304 at *10. The SSR further states:

> The determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated

> so the individual and any subsequent reviewer can assess how
> the adjudicator evaluated the individual's symptoms.

*Id*.

Plaintiff argues that the ALJ's decision should be reversed because it fails to show a proper evaluation of her subjective complaints. The undersigned disagrees. The ALJ explained that she found Plaintiff's statements to be inconsistent with the medical record because she "did not seek treatment and even denied symptoms of pain and lack of concentration or anxiety and depression until mid-2016." [R. 24] The ALJ accurately noted that after receiving treatment the records indicate normal physical examinations and improvement in her mental functioning through her date last insured. *Id*. Throughout the ALJ's summary of the medical record, the ALJ noted normal findings, denial of symptoms, symptoms explained by pregnancy, lab results, and the absence of findings. [R. 24-27, 28]. The undersigned finds that the ALJ adequately explained the basis of her conclusions concerning Plaintiff's reported symptoms.

## **Conclusion**

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's decision. Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written

objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before May 26, 2010.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 12th day of May, 2020.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE