UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATRINA B., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  Case No. 19-CV-0174-CVE-CDL |
| | ) |
| KILOLO KIJAKAZI,[1] | ) |
| Acting Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
|     Defendant. | ) |

**OPINION AND ORDER**

Before the Court is the report and recommendation (Dkt. # 18) of United States Magistrate Judge Frank H. McCarthy, recommending that the Court affirm the Commissioner's denial of plaintiff's application for benefits under Title II of the Social Security Act.

I.

Plaintiff, then 36-years old, applied for Title II benefits on December 29, 2015, alleging disability as of January 1, 2013, due to anxiety, dysthymia, attention deficit hyperactive disorder, and obsessive compulsive disorder. Dkt. # 12, at 169, 188, 192. The Commissioner denied her claim initially on August 1, 2016, and on reconsideration on November 11, 2016. Id. at 100, 109. At plaintiff's request, Administrative Law Judge (ALJ) Dierdre O. Dexter conducted a hearing on March 13, 2018. Id. at 35-74. On April 17, 2018, the ALJ issued a written decision finding that plaintiff was not disabled because she had the residual functional capacity (RFC) to perform work

---

[1] Effective July 11, 2021, pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi, Acting Commissioner of Social Security, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

existing in significant numbers in the national economy. Id. at 29-30. On January 30, 2019, the Appeals Council denied review. Id. at 1.

## II.

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation. Fed. R. Civ. P. 72(b). However, the parties may "serve and file specific written objections" to the proposed findings and reconditions within fourteen days after being served with a copy of the recommended disposition. Id.; see also 28 U.S.C. § 636(b)(1); Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. Fed. R. Civ. P. 72(b).

The right to de novo review is subject to the Tenth Circuit's "firm-waiver rule," which states that "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." United States v. 2121 E. 30th St., 73 F.3d 1057, 1059-60 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." Id. at 1060. The Tenth Circuit has applied the firm-waiver rule where the plaintiff's objection to the report and recommendation merely asserted a series of errors without explaining why the magistrate's reasoning was erroneous. See Zumwalt v. Astrue, 220 F. App'x 770, 777 (10th Cir. 2007).

### III.

The Commissioner uses a five-step, sequential process to determine whether a claimant is disabled and therefore entitled to benefits. See 20 C.F.R. § 404.1520(a)(4). "The claimant bears the burden of establishing a prima facie case of disability at steps one through four." Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting Hackett v. Barnhart, 395 F.3d 1168, 1171 (10th Cir. 2005)). "Step one requires the claimant to demonstrate 'that he is not presently engaged in substantial gainful activity.'" Id. (quoting Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir.2005)). "At step two, the claimant must show 'that he has a medically severe impairment or combination of impairments.'" Id. (quoting Grogan, 399 F.3d at 1261). "At step three, if a claimant can show that the impairment is equivalent to a listed impairment, he is presumed to be disabled and entitled to benefits." Id. (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir.1988)). "If a claimant cannot meet a listing at step three, he continues to step four, which requires the claimant to show 'that the impairment or combination of impairments prevents him from performing his past work.'" Id. (quoting Grogan, 399 F.3d at 1261). If the claimant meets this burden, the analysis continues to step five, where the burden of proof shifts to the Commissioner to show that the claimant retains sufficient residual functional capacity (RFC) to perform work in the national economy, given the claimant's age, education, and work experience. Id. (citing Hackett, 395 F.3d at 1171).

In reviewing the ALJ's decision, the Court may not reweigh the evidence or substitute its judgment for that of the ALJ; the Court's task is to review the record to determine if the ALJ applied the correct legal standard and if her decision is supported by substantial evidence. Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" O'Dell v. Shalala, 44

F.3d 855, 858 (10th Cir. 1994) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." Bernal v. Bowen, 851 F.2d 297, 299 (10th Cir.1988). The Court must meticulously examine the record as a whole and consider any evidence that detracts from the Commissioner's decision. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).

## IV.

The ALJ found plaintiff had not engaged in substantial gainful activity from the date of her alleged disability through her date last insured, December 31, 2016. Dkt. # 10, at 19. At step two, the ALJ found had the following severe impairments: bipolar disorder, depression, anxiety, lupus with Sjogren's and Raynaud's symptomology, and asthma. Additionally, the ALJ found plaintiff was obese, but the condition did not cause more than minimal limitations in her ability to perform basic work activities and was therefore a non-severe impairment. Id. at 20. At step three, the ALJ found that plaintiff's combined impairments did not meet or medically equal the severity of a listed impairment. Id.

At step four, the ALJ summarized the record evidence and found that plaintiff's RFC rendered her capable of doing sedentary work subject to the following limitations:

> she is able to lift, carry, push or pull up to 5 pounds frequently and 10 pounds occasionally; able to sit for up to 6 hours in an 8-hour workday; able to stand and/or walk up to 2 hours in an 8-hour workday; able to occasionally climb ramps or stairs, stoop, kneel, crouch or crawl; should not climb ladders, ropes, or scaffolds; the job should not involve exposure to extreme cold or tasks performed in direct sunlight; is able to perform simple, routine tasks; is able to interact with supervisors on a superficial work-related basis; the job should not involve over-the-shoulder type supervision; is able to work in proximity to co-workers, but the job should not require close cooperation and communication with co-workers in order to complete work tasks; should not interact with the general public; is able to perform only a low stress job; and is able to work at a consistent pace throughout the workday, but not at a production rate pace where each task must be completed within a strict time deadline.

Id. at 22. Citing the testimony of a vocational expert, the ALJ found that plaintiff could not perform any past relevant work. Id. at 28.

Nevertheless, the ALJ found at step five that plaintiff was capable of finding other work. Id. at 29–30. The vocational expert testified that a person with plaintiff's background and RFC would be able to perform the work of a document preparer or touchup screener. The vocational expert acknowledged that this conclusion was inconsistent with the information found in the Dictionary of Occupational Titles (DOT) but testified that the plaintiff would be able to do those jobs as they are actually performed. Id. at 30; see also id. at 68–69. Regarding the occupation of touch-up screener, the vocational expert said the DOT does not address production rate but the performance demands of touch-up screener were within the plaintiff's RFC as described by the ALJ. Id. at 68–69. As for the job of document preparer, the expert testified that the job is performed differently than as described in the DOT due to changes in technology. Id. at 68. The ALJ concluded that the vocational expert had provided a reasonable explanation for the inconsistency and therefore accepted the vocational expert's conclusions. Citing the expert's testimony that there were 57,000 document-preparer jobs and 45,000 touchup-screener jobs in the national economy, the ALJ found that work suitable for plaintiff existed in significant numbers. Id. at 30. Accordingly, the ALJ determined that plaintiff was not disabled. Id.

V.

Plaintiff has waived whatever arguments she may have had due to her failure to make specific objections to Judge McCarthy's report and recommendation. The purpose of an objection is "to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute," thereby advancing the policy underlying the Magistrate's Act--judicial efficiency. See 2121 E. 30th St., 73 F.3d at 1059 (citing Thomas v. Arn, 474 U.S. 140, 147 (1985), and Niehaus v. Kansas

Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir.1986)). General objections and conclusory allegations of error do not serve these goals. Consequently, the Tenth Circuit has consistently held that such objections are insufficient to satisfy the firm waiver rule. See, e.g., Soliz v. Chater, 82 F.3d 373 (10th Cir. 1996); Wofford v. Colvin, 570 F. App'x 744 10th Cir. 2014); Segovia v. Astrue, 226 F. App'x 801 (10th Cir. 2007); Zumwalt v. Astrue, 220 F. App'x 770 (10th Cir. 2007). In order to preserve an issue, a party's objection must actually engage the magistrate judge's analysis and offer a reasoned argument as to why the magistrate judge's conclusion was erroneous. See Zumwalt, 220 F. App'x at 777-78; Wofford, 570 F. App'x at 745.

Plaintiff's objection in this case lacks specificity. Stripped of citations and recitations of black letter law, which plaintiff makes no effort to apply to the facts or Judge McCarthy's report and recommendation, her objection states as follows:

> For the reasons discussed below and in Plaintiffs briefs, Ms. Brown respectfully requests that the District Court requests [sic] that the Court reject the Magistrate Judge's Report and Recommendation (R&R) and reverse the Commissioner's decision as it is based on harmful legal error and is not supported by substantial evidence, and remand for further administrative proceedings.
> In finding no error in the ALJ's decision, the Magistrate's recommendation focuses on whether substantial evidence supported the ALJ' s decision. . . .
> There is no dispute that Ms. Brown's symptoms were consistent with what could be reasonably expected from her comorbid medical impairments which resulted in a significantly reduced RFC . . . . The ALJ's decision simply does not demonstrate that even if Ms. Brown found a job, that she could hold the job because of the effects of her combined impairments. . . . The VE testified that all work was eliminated for a person who had unpredictable emotional breaks and missed more than two days per month . . . as is likely given Ms. Brown's medical condition.
> The magistrate also suggests that the reduced RFC sufficiently captured the effects of Ms. Brown's obesity . . . . However, there is nothing in the four comers of the ALJ' s decision that demonstrates that the ALJ' s RFC for a reduced range of sedentary work takes into account limitations attributable to obesity, particularly when combined with the fatigue she experienced with her lupus and depression, and the effect on her ability to sustain work. . . . .

Dkt. # 19.

As a preliminary matter, plaintiff's effort to object for the reasons discussed "in Plaintiffs [sic] briefs" is nothing more than a general objection and is therefore insufficient to preserve de novo review of the magistrate judge's report and recommendation. See 2121 E. 30th St., 73 F.3d at 1060 (holding that an objection was insufficient where the party sought review based on "the motions, exhibits, testimony[,] briefs, and arguments" already presented to the court (alteration in original)). The remainder of her objection is insufficient because it merely makes conclusory statements regarding the ALJ's decision without engaging the substance of the report and recommendation.

Plaintiff's objection regarding the ALJ's treatment of her obesity manages to identify an issue, but it completely ignores Judge McCarthy's analysis. In addressing the issue of obesity, Judge McCarthy notes that plaintiff failed to support her argument for reversal by pointing the Court to any additional limitations attributable to obesity or respiratory ailments that were not already accounted for in her RFC. Plaintiff's objection fails to acknowledge this deficiency, let alone contend with it. Because the objection offers no reasoned argument regarding the magistrate judge's decision and fails to "focus attention" on the issues that are truly in dispute, the Court views plaintiff's obesity argument, and any others she may have had, as waived.[2] See 2121 E. 30th St., 73 F.3d at 1059.

In sum, for the reasons stated above, the Court views plaintiff's objection as lacking the specificity required to entitle her to a de novo review of Judge McCarthy's report and

---

[2] Even if plaintiff had not waived this argument, the Court would reject it. The ALJ discussed plaintiff's obesity at length during steps two and three of the analysis and expressly stated that she "considered this impairment in determin[ing] the claimant's residual functional capacity." Dkt. # 12, at 20. Thus, plaintiff simply misstates the record when she asserts that "there is nothing in the four corners of the ALJ's decision that demonstrates that the ALJ's RFC for a reduced range of sedentary work takes into account limitations attributable to obesity." Dkt. # 19 at 2.

recommendation. "To allow a party to trigger full de novo review by the district judge on the basis of the type of objections made here would make a mockery of the role of magistrate judges in fulfilling their important and well-recognized responsibilities." Bowens v. Atl. Maint. Corp., 546 F. Supp. 2d 55, 59 (E.D.N.Y. 2008). "Rather than adding to the efficiency of the district courts, the magistrate judges' labors would be largely wasted if Rule 72(b)'s requirements were ignored." Id. Nevertheless, the Court has reviewed the report and recommendation, as well as the ALJ's decision and the administrative record. Finding nothing clearly erroneous or obviously contrary to law, the Court will accept Magistrate Judge McCarthy's report and recommendation. See Knight v. Colvin, No. CIV 12-0382, 2013 U.S. Dist. LEXIS 96239, at *16 (D.N.M. June 29, 2013) (applying a deferential standard where no objection was made to the magistrate judge's recommendation).

**IT IS THEREFORE ORDERED** that the report and recommendation (Dkt. # 18) is **accepted**, and the Commissioner's decision denying benefits is **affirmed**. A separate judgment is entered herewith.

**DATED** this 6th day of August, 2021.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE